**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:13-cr-00419-JAD-PAL |
| Plaintiff, ) | **ORDER** |
| vs. ) | (Mtn for Hearing - Dkt. #12) |
| GERALD KOKOSZKA, ) | |
| Defendants. ) | |

This matter is before the court on Defendant Gerald Kokoszka's Motion for an Evidentiary Hearing Seeking to Dissolve Preconviction Restraining Order and Return Seized Property (Dkt. #12). The court has considered the Motion and the government's Response (Dkt. #22).

**BACKGROUND**

On May 17, 2013, the Internal Revenue Service ("IRS") executed civil seizure warrants on several Wells Fargo bank accounts and seized $323,118.45. On August 22, 2013, Kokoszka filed an administrative claim with the IRS claiming he was among the owners of the seized funds. No administrative hearing was held, and the case was transferred to the Department of Justice. On November 19, 2013, a federal grand jury returned an Indictment (Dkt. #1) against Kokoszka, charging him with one count of Structuring Financial Transactions, in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(2) and 31 C.F.R. 103.11. The Indictment also contained a forfeiture allegation pursuant to 31 U.S.C. § 5317(c)(1) and 21 U.S.C. § 853(p). On December 12, 2013, the court entered an Order (Dkt. #11), granting the government's Motion for Protective Order (Dkt. #5) and directing the government to keep and protect the seized funds pursuant to the provisions of section 853(e).

/ / /

/ / /

**DISCUSSION**

Kokoszka seeks an order scheduling an evidentiary hearing to determine the appropriateness of the seizure and an order granting him the right to at least a portion of the seized assets in order to pay for reasonable attorney's fees and ordinary living expenses. He contends that because the government cannot demonstrate that the bank account transactions listed in the Indictment were done "for the purpose of evading the reporting requirements" of 31 U.S.C. § 5313(a), he is entitled to a post-indictment, pretrial adversarial hearing.

21 U.S.C. § 853(e) authorizes a court to freeze an indicted defendant's assets prior to trial if they would be subject to forfeiture upon conviction "based on a finding of probable cause to believe the property will ultimately be proved forfeitable." *United States v Monsanto*, 491 U.S. 600, 615 (1989). A protective order prevents a defendant from spending or transferring specified property including to pay an attorney for legal services. *Id*. at 631. Pretrial asset restraint is constitutional if there is probable cause to believe the defendant has committed an offense permitting forfeiture and that the property at issue has the requisite connection to that crime. *Id*.

In *Kaley v. United States,* 571 U.S. – , No. 12-464, 2014 WL 7000097 (Feb. 25, 2014), the Supreme Court accepted certiorari to decide whether a defendant is constitutionally entitled to a pretrial hearing to contest a grand jury determination of probable cause. The Supreme Court noted that since *Monsanto,* the lower courts have generally granted hearings to indicted defendants seeking to lift an asset restraint to pay for a lawyer. *Id* at *3. The lower courts have uniformly allowed hearings to determine whether there is probable cause to believe seized assets are traceable to the crime charged in the indictment, but they were divided whether a defendant was entitled to a pretrial hearing to challenge a grand jury's determination of probable cause for the underlying criminal charge. *Id*. In *Kaley,* the Supreme Court held that a criminal defendant who has been indicted is not constitutionally entitled to contest a grand jury's determination of probable cause when challenging the legality of a § 853(e)(1) pretrial asset seizure.

*Kaley* is dispositive. Kokoszka seeks an evidentiary hearing for two purposes. The first purpose is to establish that he is not financially capable of retaining counsel, or paying reasonable living expenses without the seized assets. The court will assume, without deciding, that he could make such a

showing.  However, the Supreme Court has clearly held that a defendant is not entitled to use forfeitable assets even to exercise his Sixth Amendment right to retain counsel of his own choosing. Kokoszka also seeks a pretrial evidentiary hearing to require the government to show that the bank transactions listed in the indictment were done "for the purpose of evading the reporting requirements" of 31 U.S.C. 5313(a).  He claims that the government will not be able to prove, by a preponderance of the evidence, that the bank transactions alleged in the indictment were done for the purpose of evading statutory reporting requirements.  This is an element of the underlying offense charged.  Kokoszka does not argue that the funds are not traceable to the crime charged in the Indictment, only that the government cannot prove an essential element of the underlying offense.  For the reasons the *Kaley* decision discusses at length,  Kokoszka is not entitled to such a hearing.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Hearing (Dkt. #12) is DENIED.

Dated this 27th day of February, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE